**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JACK PENA,** | § | |
|     *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** 7:17-cv-247 |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **DAVID BUENO and** | § | |
| **RAFAEL NAVARRO,** | § | |
|     *Defendants.* | § | **JURY DEMANDED** |

---

**DEFENDANTS' NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATE DISTRICT JUDGE:

Defendants STATE FARM LLOYDS ("State Farm") and DAVID BUENO ("Bueno") file this Notice of Removal to remove from the County Court at Law No. 7 of Hidalgo County, Texas to this Court a suit styled *Jack Pena v. State Farm Lloyds, David Bueno, and Rafael Navarro* and docketed under Cause No. CL-16-3227-G (hereinafter referred to as the "State Court Action").

**STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL**

1.    This Court has original diversity jurisdiction under 28 U.S.C.A. §1332(a)(1) and 28 U.S.C.A. § 1441(a).

2.    Under 28 U.S.C. §1446(a), venue of the removed action is proper in this Court as it is the district and division within which the State Court Action is pending.

**TIMELINESS OF NOTICE OF REMOVAL**

3.    This Notice is timely under 28 U.S.C. § 1446(b).  It is filed within 30 days after service of citation and Plaintiff's Original Petition on Defendant State Farm. Specifically,

Plaintiff filed the State Court Action on August 15, 2016, but State Farm was not served with Plaintiff's Original Petition until June 6, 2017. Defendant David Bueno was served on June 10, 2017. Defendant Rafael Navarro has not been served and has not made an appearance in this cause.

       4.      As required by 28 U.S.C. §1446(a) and Local Rule 81, true and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as *Exhibit A,* and a list of all counsel of record, including addresses, telephone numbers and parties represented is attached as *Exhibit B.*

## NATURE OF PLAINTIFF'S CASE AGAINST DEFENDANTS

       5.      This suit involves two claims for property damage to Plaintiff's residence arising from wind and/or hailstorm(s) that are alleged to have occurred on or about May 9, 2014 and April 24, 2015 in Hidalgo County, Texas. State Farm is the insurer for Plaintiff. Plaintiff now sues State Farm for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). Plaintiff sues adjusters David Bueno and Rafael Navarro for violations of Chapter 541 of the Texas Insurance Code and violations of the DTPA.[1]

## JURISDICTIONAL BASIS FOR REMOVAL: DIVERSITY

       6.      Pursuant 28 U.S.C §1332(a)(1), this Court has diversity jurisdiction.

## A.     Complete Diversity Exists, As Defendant Bueno Was Improperly Joined

       7.      Plaintiff is a citizen of Hidalgo County, Texas as alleged in his Original Petition.

       8.      Defendant State Farm was, at the time this action commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were, at the

---

[1] *See* Plaintiff's Original Petition attached hereto, at ¶¶ 15- 25.

2

time this action commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes.[2] Therefore, complete diversity of citizenship exists between Plaintiff and Defendant State Farm.

9.      Defendant Navarro was, at the time this action commenced, and still is, a citizen of Florida. Navarro has not been served and has not made an appearance in this cause.

10.     As explained below, Defendant Bueno is a Texas citizen but has been improperly joined in this suit for purposes of defeating diversity jurisdiction. Bueno was served by certified mail at his home in Corpus Christi, Texas. As set forth in detail below, Plaintiff sued State Farm Bueno in an earlier lawsuit on the same claim made the basis of this lawsuit (different counsel represented Plaintiff in the prior lawsuit). Plaintiff nonsuited Bueno with prejudice in the prior lawsuit, and is barred by res judicata from suing him again.

11.     To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court."[3]

12.     The test for improper joinder "is whether the defendant has demonstrated there is no possibility of recovery against an in-state defendant, which stated differently means there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant."[4] The Fifth Circuit has described the doctrine of improper joinder as "a narrow exception to the rule of complete diversity, and the burden of persuasion on a party

---

[2] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-883 (5th Circ. 1993) (citizenship of unincorporated association determined by citizenship of its members).

[3] *See Travis v. Irby,* 326 F.3d 644, 647 (5th Circ. 2003)(citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Circ. 1999).

[4] *See Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Circ. 2004).

claiming improper joinder is a heavy one."[5] "The court must resolve all ambiguities of state law in favor of the non-removing party."[6]

13.     In considering whether a party was improperly joined, "the court may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[7] And, in some cases, the court may pierce the pleadings and consider summary judgment type evidence in those cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[.]"[8]

14.     With respect to the applicability of a Rule 12(b)(6) analysis in an improper joinder case, the courts will evaluate the plaintiff's petition under the state-court pleading standards.[9] This means that the plaintiff's pleading must state a cause of action and give fair notice of the relief sought against a defendant because the court "determines removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[10] Additionally, the Texas Supreme Court has stated, "In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment."[11]

---

[5] *Campbell v. Stone Ins., Inc.* 509 F.3d 665, 669 (5th Cir. 2007).

[6] *Id.*

[7] *Smallwood* at 573.

[8] *See Travis v. Irby* at 649.

[9] *Edwea, Inc. v. Allstate Ins. Co.* No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).

[10] *Id.*, *see also* Tex. R. Civ. P. 45(b) and *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

[11] *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex. 1979).

15.    In this case, Plaintiff asserts claims of violations of the Texas Insurance Code and the DTPA against Defendant Bueno for the purpose of defeating diversity jurisdiction. Plaintiff's Original Petition addresses two separate claims with two different dates of loss, but fails to distinguish which claim was adjusted by which adjuster defendant. Plaintiff's counsel has apparently utilized a "form" petition in which names, dates and addresses are "cut and pasted" into the document, and little to no specific factual allegations unique to the claims at issue are included in the petition.

16.    Defendant Bueno adjusted Plaintiff's claim reported as a May 9, 2014 date of loss, assigned State Farm Claim No. 53-34R6-399 ("Claim 1"). Defendant Navarro adjusted Plaintiff's claim reported as an April 24, 2015 date of loss, assigned State Farm Claim No. 53-6R40-962 ("Claim 2"). Defendant Bueno had no involvement in Claim 2.

17.    Before the instant suit was filed, Plaintiff filed a prior lawsuit on Claim 1 against State Farm and David Bueno on April 23, 2015 in Cause No. C-1693-15-I, *Jack Pena v. State Farm Lloyds and David Bueno*; In the 398th Judicial District Court, Hidalgo County, Texas.[12] During the course of this prior lawsuit, Plaintiff non-suited all claims against Defendant Bueno with prejudice.[13] Plaintiff later non-suited his claims against State Farm in this prior lawsuit without prejudice.[14]

18.    Orders of nonsuits or dismissals with prejudice constitute a final adjudication on the merits, and operates as if the case had been fully tried and decided on the merits.[15] When a

---

[12] *Exhibit C* – Plaintiff's Original Petition in Cause No. C-1693-15-I. In this prior suit, Plaintiff brought causes of action against David Bueno for violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the DTPA, breach of the duty of good faith and fair dealing, fraud, conspiracy, "aiding and abetting," negligence, gross negligence, and negligent misrepresentation. All claims and allegations related to Bueno's adjustment of Claim 1.

[13] *Exhibit D* – Order Granting Non-Suit With Prejudice as to Defendant David Bueno dated June 8, 2015, in Cause No. C-1693-15-I.

[14] *Exhibit E* – Order of Dismissal dated September 2, 2015, in Cause No. C-1693-15-I.

[15] *America's Favorite Chicken Co. v. Galvan*, 897 S.W.2d 874, 877-878 (Tex.App.—San Antonio 1995, writ

plaintiff's claims are dismissed with prejudice, the doctrine of res judicata prohibits the plaintiff from reasserting his claims against that defendant in a later suit.[16] "Res judicata applies because 'a dismissal or nonsuit with prejudice is 'tantamount to a judgment on the merits,'' and the effect of res judicata in that instance 'works a permanent, inalterable change in the parties' legal relationship to the defendant's benefit: the defendant can never again be sued by the plaintiff or its privies for claims arising out of the same subject matter.'"[17]

19.     A party relying on res judicata to bar a claim must prove (1) a prior final determination on the merits by a court of competent jurisdiction, (2) identity of the parties or those in privity with them, and (3) a second action based on the same claims as were or could have been raised in the first action.[18] The elements are clearly met here: (1) Plaintiff nonsuited David Bueno with prejudice, which is the equivalent of a final adjudication on the merits; (2) the parties in the instant suit are the same parties as the prior suit; and (3) the instant action is based on the same claims as the prior lawsuit.

20.     Thus, Plaintiff's claims against Defendant Bueno are barred by res judicata, and there is no possibility of recovery by Plaintiff against Bueno in this suit. Bueno's citizenship should not be considered for purposes of federal diversity jurisdiction, and the claims against him should be dismissed.

**B.     Amount in Controversy Met**

21.     The amount in controversy is in excess of the jurisdictional minimum of $75,000.00, excluding interest and costs. 28 U.S.C.A §1332(a). Defendants note that Plaintiff

---

denied), citing *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991);

[16] *Arrow Marble, LLC v. Killion*, 441 S.W.3d 702, 707 (Tex.App.—Hou. [1st Dist.] 2014, no pet.), citing *Epps v. Fowler*, 351 S.W.3d 862, 866-69 (Tex. 2011).

[17] *Id.*

[18] *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

pleads that he "[t]he total damages sought by Plaintiff against Defendants for all elements of damage does not exceed the sum of $74,999, including exemplary and punitive damages, penalties, and attorney's fees, but exclusive of interest and costs."[19] Plaintiff also pleads that this case is governed by Discovery Level 3.[20] However, Plaintiff did not include the required statement of relief required by Texas Rule of Civil Procedure 47(c) in his petition.  Contrary to Plaintiff's attempts to avoid federal court jurisdiction through his attempted pleading of limited damages, a preponderance of the evidence shows that the amount in controversy exceeds $75,000.00.[21]

22.     Generally, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy.[22] However, a plaintiff's pleading of a specific sum does not control when made in bad faith or when, as in Texas, state court practice does not permit demand for a specific sum.[23]

23.     Texas state court practice does not permit a demand for a specific sum.[24] Further, it has been held that where a plaintiff attempts to plead an amount not to exceed $75,000, it may be considered bad faith manipulation and an attempt to avoid federal jurisdiction.[25]

---

[19] Plaintiff's Original Petition, at ¶ 5.

[20] *See Id.* at ¶ 4.

[21] A defendant may satisfy the amount in controversy element for removal by "(1) showing it is 'apparent from the claims of the petition that the claims are likely to exceed $75,000', or (2) setting forth 'summary judgment-type evidence of facts in controversy that support a finding of the requisite amount.'" *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *1 (S.D. Tex. Feb. 18, 2016)*, citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[22] 28 U.S.C. § 1332(a).

[23] *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *2 (S.D. Tex. Feb. 18, 2016), citing 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); Tex. R. Civ. P. 47(b)-(c).

[24] *See* Tex. R. Civ. P. 47(b)-(c); *see also Chavez*, at *2.

[25] *See Id; Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar,* 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio),* No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that a plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").

24.    Plaintiff's prior counsel served a demand letter on State Farm before filing the prior suit demanding $94,953.15, including $26,579.11 in actual damages to Plaintiff's property.[26] Plaintiff's current counsel has not served a new demand letter or provided State Farm with an estimate of damages.

25.    In addition to actual damages and attorney's fees, Plaintiff's Original Petition requests treble damages under the Texas Insurance Code and the DTPA, 18% interest under the Texas Insurance Code, and exemplary damages.[27] Exemplary damages are to be considered in determining the amount in controversy if the defendant could be liable for such damages under state law.[28] Texas law provides that "[e]xemplary damages awarded against a defendant may not exceed an amount equal to the greater of … two times the amount of economic damages; plus … an amount equal to or any noneconomic damages … not to exceed $750,000; or … $200,000."[29] Therefore, the $75,000 amount in controversy federal jurisdictional requirement could easily be met if Plaintiff is successful in his claim for punitive and treble damages.

## NOTICE SHALL BE PROVIDED

26.    Pursuant to 28 U.S.C. §1446(d), Defendants will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of Hidalgo County, Texas, where the State Court Action was previously pending.

## JURY DEMANDED BY PLAINTIFF

27.    Plaintiff requested a trial by jury in the State Court Action.

---

[26] *Exhibit F* – Plaintiff's counsel's letter of representation and demand letter dated April 16, 2015.
[27] Plaintiff's Original Petition at ¶¶ 17, 24, and 26-28.
[28] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[29] Tex. Civ. Prac. & Rem. Code § 41.008(b)(1)-(2).

<u>CONCLUSION</u>

WHEREFORE, Defendants State Farm Lloyds and David Bueno hereby request removal of the case styled *Jack Pena v. State Farm Lloyds, David Bueno, and Rafael Navarro;* Cause No. CL-16-3227-G, and respectfully request that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action, and for all other relief to which Defendants may be justly entitled.

Respectfully submitted,

By: */s/ Sarah Pierce Cowen*
    Sarah Pierce Cowen
    Federal ID No. 7973
    State Bar No. 00787518
    sarah@cowengarza.com
    COWEN & GARZA, LLP
    506 E. Dove Avenue
    McAllen, Texas 78504
    T. (956) 994-9170
    F. (956) 618-2324

    **ATTORNEY IN CHARGE FOR**
    **DEFENDANTS STATE FARM**
    **LLOYDS AND DAVID BUENO**

<u>Of Counsel:</u>
Summer Olmos
Federal ID No.625129
State Bar No. 24051134
summer@cowengarza.com
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the preceding, Defendants' Notice of Removal has been filed electronically with the Clerk of the Court and notice of this filing will be sent by operation of the Court's electronic filing system and by facsimile to the following CM/ECF participants on June 29, 2017

*VIA FACSIMILE: (210) 562-2880*
*& VIA E-MAIL:* doug@pennebakerlaw.com
Douglas E. Pennebaker
PENNEBAKER LAW FIRM
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
T. (210) 562-2888

*VIA FACSIMILE: (956) 383-2147*
*& VIA E-MAIL:* mcallenlaw@gmail.com
Willie McAllen
LAW OFFICES OF MCALLEN-GONZALEZ
2102 W. University Dr.
Edinburg, Texas 78539
T. (956) 383-2147

*/s/ Sarah Pierce Cowen_____*
Sarah Pierce Cowen